UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE JOHNSON, | |
| Petitioner, | No. 2:06 CV 02240 AWT |
| v. | ORDER OF DISMISSAL |
| D.K. SISTO, et al., | |
| Respondents. | |

**Background & Discussion**

This petition for habeas corpus primarily challenges the State's refusal to grant petitioner parole.  On February 2, 2009, further proceedings in this case were stayed pending the Ninth Circuit's en banc decision in *Hayward v. Marshall*, 512 F.3d 536 (9th Cir.), *reh'g en banc granted*, 527 F.3d 797 (9th Cir. 2008).  That case

still remains to be decided. However, on April 13, 2009, petitioner was released on parole. It thus appears that petitioner's habeas petition, charging that the State denied him due process in his parole hearings and in its failure to release him on parole, has now become moot by virtue of his release on parole.

Reading the petition generously, however, petitioner also appears to claim that he should be released from all custody and restraint because he has served his full sentence. Petitioner's sentence was 15 years to life imprisonment. In 2006 the Board of Prison Terms determined his base term to be 19 years under Cal. Code Regs. tit. 15, § 2403(c). Petitioner contends that adding to that 19-year term a three-year term of parole, he completed serving his sentence and should have been released from custody after 22 years – in 2002. This claim is completely unsupported in fact or in law.

Noting in the record indicates that petitioner's parole term is limited to three years. In fact, Cal. Penal Code § 3000.1(a) permits permits a lifetime parole term for second degree murder. Further, 19 years was the *minimum* term of imprisonment that petitioner was required to serve, not the maximum. *See In re Rosenkrantz*, 59 P.3d 174 193 (Cal. 2002) ("[T]he only reasonable expectation that [the inmate] would have had with regard to punishment was . . . that, after serving the minimum term, he or she would be entitled to have a public official exercise

discretion with regard to his or her suitability for parole under then existing standards."). Thus, the claim of complete release from restraint and custody, including parole, lacks merit.

## Conclusion

For the foregoing reasons, the court concludes that the primary claim has become moot by virtue of petitioner's release on parole and that his remaining claim is without merit as a matter of law. Accordingly, the petition for writ of habeas corpus is **DISMISSED.**

Dated: March 29, 2010.

                                                                 */s/ A. Wallace Tashima*
                                                        United States Circuit Judge
                                                        Sitting by designation.